UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE DOE,

                          Plaintiff,

v.                                 Case No.: 6:22-cv-06434

ROBERTS WESLEYAN COLLEGE,

                          Defendant.

**ANSWER AND DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

      Defendant, Roberts Wesleyan College ("Defendant"), by and through its attorneys, Jackson Lewis P.C., hereby submit its Answer and Defenses to Plaintiff Jane Doe's Second Amended Complaint ("Complaint"), dated August 22, 2022, as follows. Any allegation not specifically admitted herein is denied.

**AS TO "INTRODUCTION"**

1.    Defendant denies the allegations in Paragraph 1, except admits that Plaintiff purports to bring claims under the statutes cited in Paragraph 1.

2.    Defendant denies the allegations in Paragraph 2.

3.    Defendant denies the allegations in Paragraph 3.

**AS TO "JURISDICTION AND PARTIES"**

4.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.    Defendant admits the allegations in Paragraph 5.

6.    Defendant admits the allegations in Paragraph 6.

7.    Paragraph 7 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegations in Paragraph 7.

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegations in Paragraph 8.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10, except state that Plaintiff purports jurisdiction is proper.

11. Defendant denies the allegations in Paragraph 11, except state that Plaintiff purports jurisdiction is proper.

12. Defendant denies the allegations in Paragraph 12, except state that Plaintiff purports venue is proper.

### AS TO "BACKGROUND FACTS AND CIRCUMSTANCES

#### I. A Senior, About to Begin Her Teaching Career"

13. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16, except admits that Plaintiff played soccer and participated in student council.

17. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

## AS TO "II. The Assault"

18. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, except admits that Respondent was employed as a Resident Assistant.

19. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

## AS TO "III. Roberts's Lengthy and Contradictory Policies"

21. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 21 are inconsistent with or mischaracterize such documents, they are denied.

22. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 22 are inconsistent with or mischaracterize such documents, they are denied.

23. Defendant admits that Plaintiff attached a copy of the referenced policies to the Complaint.

24. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 24 are inconsistent with or mischaracterize such documents, they are denied.

25. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 25 are inconsistent with or mischaracterize such documents, they are denied.

26. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 26 are inconsistent with or mischaracterize such documents, they are denied.

27. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 27 are inconsistent with or mischaracterize such documents, they are denied.

28. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 28 are inconsistent with or mischaracterize such documents, they are denied.

29. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 29 are inconsistent with or mischaracterize such documents, they are denied.

30. Defendant admits that Plaintiff attached a copy of the referenced Student Handbook to the Complaint.

31. Defendant admits the allegations in Paragraph 31.

32. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 32 are inconsistent with or mischaracterize such documents, they are denied.

33. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 33 are inconsistent with or mischaracterize such documents, they are denied.

### AS TO "III. A Confusing Reporting Experience and Lack of Accommodation"

34. Defendant denies the allegations in Paragraph 34, except admits that Plaintiff reported the incident to Defendant on or about October 27, 2021.

35. Defendant denies the allegations in Paragraph 35, except admits that Plaintiff emailed Monika Robertson, Director, Risk Management & Compliance, Title IX Coordinator, on October 26, 2021 to ask for a meeting, which document speaks for itself.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39, except admits that an investigative report was completed, which document speaks for itself.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 42 are inconsistent with or mischaracterize such documents, they are denied.

43. Defendant denies the allegations in Paragraph 43, except admits that Ms. Robertson sent an email to Respondent on October 29, 2021, which document speaks for itself.

44. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, including subparagraphs (a) through (e), except deny that any type of disclosure was made to Respondent.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, except admits that Plaintiff was provided with supportive measures.

57. Defendant denies the allegations in Paragraph 57.

## AS TO "IV. Formal Report and Investigation"

58. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 58 are inconsistent with or mischaracterize such documents, they are denied.

59. Defendant admits the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's diagnosis. Defendant denies the remaining allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 63 are inconsistent with or mischaracterize such documents, they are denied.

64. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 64 are inconsistent with or mischaracterize such documents, they are denied.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72, except admits that a final investigative report was completed that indicated that Plaintiff was "defensive, evasive, and hostile", which document speaks for itself.

73. Defendant denies the allegations in Paragraph 73, except admits that a final investigative report was completed that indicated that Plaintiff was "defensive, evasive, and hostile", which document speaks for itself.

74. Defendant denies the allegations in Paragraph 74.

### AS TO "V. No Contact Order Violation"

75. Defendant denies the allegations in Paragraph 75, except admits that Defendant issued a no contact order on November 4, 2021.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's feelings. Defendant denies the remaining allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

### AS TO "VI. Delay"

85. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 85 are inconsistent with or mischaracterize such documents, they are denied.

86. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 86 are inconsistent with or mischaracterize such documents, they are denied.

87. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 87 are inconsistent with or mischaracterize such documents, they are denied.

88. Defendant denies the allegations in Paragraph 88, except admits that the final investigative report was dated June 6, 2022, which document speaks for itself.

89. Defendant denies the allegations in Paragraph 89, except admits that Plaintiff and Respondent graduated in May 2022.

90. Defendant denies the allegations in Paragraph 90, except admits that Plaintiff never appealed the College's final notice of determination dated August 11, 2022.

## AS TO "VII. A Sham Hearing"

91. Defendant avers that Defendant's Student Handbook speaks for itself. To the extent the allegations in Paragraph 91 are inconsistent with or mischaracterize such document, they are denied.

92. Defendant denies the allegations in Paragraph 92 and avers that Defendant found Respondent not responsible for sexual assault as defined by Defendant's policies.

93. Defendant denies the allegations in Paragraph 93 and avers that Defendant found Respondent not responsible for sexual assault as defined by Defendant's policies.

94. Defendant denies the allegations in Paragraph 94 and avers that Defendant found Respondent not responsible for sexual assault as defined by Defendant's policies.

95. Defendant admits that a hearing was held on June 20, 2022.

96. Defendant denies the allegations in Paragraph 96, except admits that the hearing was held via Zoom.

97. Defendant denies the allegations in Paragraph 97, including subparagraphs (a) through (e).

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99, except admits that Plaintiff sent a demand letter dated August 2, 2022 to Defendant, which document speaks for itself.

100. Defendant admits the allegations in Paragraph 100, except clarifies that Defendant's final notice of determination is dated August 11, 2022.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

## AS TO "IX. Hostile Environment to Survivors"

104. Defendant avers that the data published in the Federal Register speaks for itself. To the extent the allegations in Paragraph 104 are inconsistent with or mischaracterize such data, they are denied.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant avers that Defendant's Student Handbook speaks for itself. To the extent the allegations in Paragraph 107 are inconsistent with or mischaracterize such document, they are denied.

108. Defendant avers that Defendant's Student Handbook speaks for itself. To the extent the allegations in Paragraph 108 are inconsistent with or mischaracterize such document, they are denied.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant avers that the data published on the New York State Education Department website speaks for itself. To the extent the allegations in Paragraph 111 are inconsistent with or mischaracterize such data, they are denied.

## AS TO "FIRST CAUSE OF ACTION

### Deliberate Indifference Sexual Harassment
### in Violation of
### Title IX, 20 U.S.C. 1681, *et seq.*"

112. Defendant's responses to Paragraphs 1 through 111 are hereby incorporated by reference as their responses to Paragraphs 1 through 111 of the First Cause of Action section in response to Paragraph 112 of the Complaint.

113. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119, except admits that Plaintiff made a report about Respondent to Defendant in October 2021 and a formal complaint in December 2021.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

## AS TO "SECOND CAUSE OF ACTION

### Sexual Harassment
### in Violation of
### New York Human Rights Law"

122. Defendant's responses to Paragraphs 1 through 121 are hereby incorporated by reference as their responses to Paragraphs 1 through 121 of the Second Cause of Action section in response to Paragraph 122 of the Complaint.

123. Paragraph 123 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

## AS TO "THIRD CAUSE OF ACTION

### Breach of Contract"

131. Defendant's responses to Paragraphs 1 through 130 are hereby incorporated by reference as their responses to Paragraphs 1 through 130 of the Third Cause of Action section in response to Paragraph 131 of the Complaint.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant avers that Defendant's policies speak for themselves. To the extent the allegations in Paragraph 134 are inconsistent with or mischaracterize such documents, they are denied.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138, including subparagraphs (a) through (h).

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

141. Defendant denies the allegations in Paragraph 141.

## AS TO "FOURTH CAUSE OF ACTION

### Breach of Covenant of
### Good Faith and Fair Dealing"

142. Defendant's responses to Paragraphs 1 through 141 are hereby incorporated by reference as their responses to Paragraphs 1 through 141 of the Fourth Cause of Action section in response to Paragraph 142 of the Complaint.

143. Paragraph 143 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 143.

144. Paragraph 144 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Defendant denies the allegations in Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

## AS TO "FIFTH CAUSE OF ACTION

### Negligent Hiring and Supervision"

148.   Defendant's responses to Paragraphs 1 through 147 are hereby incorporated by reference as their responses to Paragraphs 1 through 147 of the Fifth Cause of Action section in response to Paragraph 148 of the Complaint.

149.   Defendant denies the allegations in Paragraph 149.

150.   Defendant denies the allegations in Paragraph 150.

151.   Defendant denies the allegations in Paragraph 151.

152.   Defendant denies the allegations in Paragraph 152.

153.   Defendant denies the allegations in Paragraph 153.

154.   Defendant denies the allegations in Paragraph 154.

155.   Defendant denies the allegations in Paragraph 155.

156.   Defendant denies the allegations in Paragraph 156.

157.   Defendant denies the allegations in Paragraph 157.

## AS TO "SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress"

158.   Defendant's responses to Paragraphs 1 through 157 are hereby incorporated by reference as their responses to Paragraphs 1 through 157 of the Sixth Cause of Action section in response to Paragraph 158 of the Complaint.

159.   Defendant denies the allegations in Paragraph 159, including subparagraphs (a) through (g).

160.   Defendant denies the allegations in Paragraph 160.

161.   Defendant denies the allegations in Paragraph 161.

162. Defendant denies the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

## AS TO "SEVENTH CAUSE OF ACTION

### Estoppel and Reliance"

164. Defendant's responses to Paragraphs 1 through 163 are hereby incorporated by reference as their responses to Paragraphs 1 through 163 of the Seventh Cause of Action section in response to Paragraph 164 of the Complaint.

165. Defendant denies the allegations in Paragraph 165.

166. Defendant denies the allegations in Paragraph 166.

167. Defendant denies the allegations in Paragraph 167.

168. Defendant denies the allegations in Paragraph 168.

169. Defendant denies the allegations in Paragraph 169.

## AS TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any of the relief sought in the Wherefore clause including any of its subparagraphs, including (a) through (b).

## AFFIRMATIVE AND OTHER DEFENSES[1]

### AS AND FOR A FIRST DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted as a matter of fact and/or law or for which damages sought can be awarded.

---

[1] Defendant asserts these defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR A SECOND DEFENSE

At all times relevant to Plaintiff's Complaint, Defendant acted reasonably, and/or in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local law, regulations, rule, or code.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to make sufficient efforts to mitigate her alleged damages.

## AS AND FOR A FOURTH DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which compensatory damages, punitive damages, or costs may be awarded.

## AS AND FOR A FIFTH DEFENSE

No contract, agreement or covenant either verbal or written, express or implied, existed at any time between Plaintiff and Defendant.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's Title IX claims are barred because Defendant did not act with deliberate indifference.

## AS AND FOR A SEVENTH DEFENSE

Defendant did not know or should not have known that, as a result of its conduct, Plaintiff would suffer emotional distress.

## AS AND FOR AN EIGHTH DEFENSE

To the extent that Plaintiff has suffered any injury, which Defendant expressly denies, any such injury is the result of acts or omissions of Plaintiff, and not any act or omission of Defendant.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims and/or recovery of damages are precluded to the extent Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid the harm alleged in the Complaint.

### AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles, including, but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

Defendant reserves the right to amend its Answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as it may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a) Deny each and every demand, claim, and prayer for relief contained in the Complaint;

b) Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

c) Grant such other and further relief that the Court may deem just and proper.

Dated: November 18, 2022  
Albany, New York

*ATTORNEYS FOR DEFENDANT*  
*ROBERTS WESLEYAN COLLEGE*

By: */s/ Kristi Rich Winters*  
Kristi Rich Winters  
JACKSON LEWIS P.C.  
677 Broadway, 9th Floor  
Albany, NY 12207  
Tel.:   (518) 512-8700  
Fax:   (518) 242-7730  
kristi.winters@jacksonlewis.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on November 18, 2022, a copy of the foregoing was filed electronically and served by First Class Mail on the following:

> J. Morgan Levy, Esq.
> J. Morgan Levy Law Firm, PLLC
> 4 Little Spring Run
> Fairpoint, New York 14450

Notice of this filing will be sent by e-mail to all Parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Kristi Rich Winters*
Kristi Rich Winters